UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUENTIN STARKES,

                              Plaintiff,

        -against-

ANTHONY J. ANNUCCI, Dept of Correction
Community Supervision; C.O. BYRD; C.O.
WAIH RIVERA #1725; C.O. NIEVES #1748,

                              Defendants.

1:19-CV-7270 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in the Metropolitan Detention Center in Brooklyn, New

York, brings this *pro se* action under 42 U.S.C. § 1983 in which he seeks damages and injunctive

relief.[1] He sues Anthony J. Annucci, the Acting Commissioner of the New York State

Department of Corrections and Community Supervision ("DOCCS"), and three WCJ Correction

Officers (Byrd, Rivera, and Nieves). By order dated November 1, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty

days of the date of this order.

## STANDARD OF REVIEW

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] Plaintiff filed his complaint while he was held in the Westchester County Jail ("WCJ").

[2] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted. emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff alleges the following facts: On July 20, 2019, while he was held as a federal prisoner in the WCJ, three other prisoners beat him for no reason. These prisoners were state parole violators. Plaintiff believes that he should have been housed with other federal prisoners. Nieves opened the cells of the prisoners who beat him. Rivera and Byrd told Nieves which cells to open.

Plaintiff asks the Court to order his transfer to a federal facility. Plaintiff also seeks $2,000,000 in damages.

**DISCUSSION**

Plaintiff does not indicate whether, at the time of the incident, he was a post-conviction prisoner or a pretrial detainee, and it is therefore unclear whether his claims arise under the Eighth or the Fourteenth Amendment.[3] The Court therefore analyzes Plaintiff's claims under both frameworks.

The Eighth Amendment requires correction officials to take reasonable measures to ensure the safety of convicted prisoners, including protecting them against violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The failure to protect a prisoner constitutes cruel and unusual punishment when correction officials exhibit "deliberate indifference" to a substantial risk of serious harm to the prisoner. *Id*. at 828; *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988). To be liable for violating a prisoner's Eighth Amendment rights, correction officials must be subjectively aware of an excessive risk to the prisoner's health or safety and disregard it. *Farmer*, 511 U.S. at 837; *see Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.").

"A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted). A pretrial detainee may prevail in a claim of deliberate indifference even when a state actor merely *should have known* of the serious risk, an objective standard. *Id.* at 35 (holding that a pretrial detainee must plead that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to

---

[3] Plaintiff may have been a federal pretrial detainee because on the alleged date of the incident, he was being criminally prosecuted in this Court. *See United States v. Starkes*, ECF 17-CR-0610-04, 494 (S.D.N.Y. Oct. 31, 2019) (judgment of conviction).

mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety"); *Taylor v. City of New York*, No. 16-CV-7857 (NRB), 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018) ("Although *Darnell* involved a Fourteenth Amendment challenge to a prisoner's conditions of confinement, its holding applies with equal measure to failure to protect claims.").

Moreover, a § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

---

[4] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

The complaint does not plead sufficient facts to show that Annucci was personally involved in the alleged constitutional violations, or that Byrd, Rivera, or Nieves were deliberately indifferent to Plaintiff's safety. Plaintiff alleges nothing about Annucci, the New York State DOCCS Acting Commissioner, who does not oversee the WCJ. And he merely alleges that Nieves, at the direction of Rivera and Byrd, opened the cells of the prisoners who beat him. He does not suggest that Byrd, Rivera, or Nieves knew, or should have known, that the other prisoners posed a serious risk of harm to him, and that Byrd, Rivera, or Nieves were deliberately indifferent to that risk. Accordingly, the Court grants Plaintiff leave to file an amended complaint in which he (1) names only those individual defendants who were personally involved in the alleged violations of his federal constitutional rights, and (2) alleges facts showing that those defendants knew – or, if he was a pretrial detainee at the time of the incident, should have known – that there was a serious risk of harm to him, but that they disregarded it.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's request for a transfer to a federal facility is denied as moot.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7270 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    November 13, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge