UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



QUENTIN STARKES,

Plaintiff,

-against-

ANTHONY J. ANNUCCI; C.O. BYRD; C.O.
WAAL RIVERA #1725; C.O. NIEVES #1748,

Defendants.

7:19-CV-7270 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated in the Metropolitan Detention Center, in Brooklyn, New York, brings this *pro se* action asserting that the defendants violated his federal constitutional rights. Plaintiff sues (1) Acting Commissioner of the New York State Department of Corrections and Community Supervision, Anthony J. Annucci, (2) Westchester County Jail ("WCJ") Correction Officer Byrd, (3) WCJ Correction Officer Rivera, and (4) WCJ Correction Officer Nieves.[1] By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

For the reasons discussed below, the Court dismisses Plaintiff's claims against Annucci. The Court directs service on Byrd, Rivera, and Nieves, and directs those defendants to comply with Local Civil Rule 33.2.

---

[1] By order dated November 13, 2019, the Court granted Plaintiff leave to file an amended complaint. On December 2, 2019, the Court received Plaintiff's amended complaint, which is the operative pleading for this action.

[2] Plaintiff filed his original complaint while he was held in the WCJ. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

2

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## DISCUSSION

### A.    Annucci

In its November 13, 2019, Order, the Court granted Plaintiff leave to file an amended complaint to name as defendants only those individuals who were personally involved in violating his federal constitutional rights, and allege facts showing their personal involvement. (*See* ECF 7, at 5.) Plaintiff named Acting Commissioner Annucci as a defendant in his original complaint. But in its November 13, 2019 order, the Court specifically noted that Plaintiff alleged nothing about Annucci in his original complaint, and that though Plaintiff's claims involve events that allegedly occurred at the WCJ, Annucci does not oversee the WCJ. (*See id.*)

In his amended complaint, Plaintiff again names Annucci as a defendant but alleges no facts about him. Accordingly, the Court dismisses Plaintiff's claims against Annucci. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Service on Byrd, Rivera, and Nieves

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on Byrd, Rivera, and Nieves until the Court reviewed the amended

3

complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Byrd, Rivera, and Nieves until 90 days after the date that the summonses for those defendants are issued. If the amended complaint is not served on Byrd, Rivera, or Nieves within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Byrd, Rivera, and Nieves through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for Byrd, Rivera, and Nieves, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

date of service, Byrd, Rivera, and Nieves must each serve a response to those standard discovery requests. In their responses, Byrd, Rivera, and Nieves must quote each request verbatim.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Defendant Anthony J. Annucci. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to complete USM-285 forms with the service addresses for Defendants Byrd, Rivera, and Nieves, and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court further directs Defendants Byrd, Rivera, and Nieves to comply with Local Civil Rule 33.2 within 120 days of the date of service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 11, 2019
          White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

# DEFENDANTS AND SERVICE ADDRESSES

1. Correction Officer Byrd
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

2. Correction Officer Waal Rivers, Badge No. 1725
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

3. Correction Officer Nieves, Badge No. 1748
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595