MEMORANDUM ENDORSEMENT



Starkes v. Byrd et al.,
19 CV 7270 (VB)

    In the attached undated submissions, plaintiff, proceeding pro se and in forma pauperis, requests the Court appoint him pro bono counsel (Doc. #13) and extend his time to comply with the Court's November 13, 2019, Order to amend his complaint (Doc. #14). In his request for counsel, plaintiff states he "does not possess the skills to read or write" or "comprehend the full scope of his rights." (Doc. #13).

    Plaintiff's request for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.

    The Court has considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present the case. Plaintiff's assertions that he cannot comprehend the scope of his rights, and is unable to read or write to prosecute this action, are belied by his activity and filings in this case and others. See, e.g., Starkes v. Rikers Island Corr. Facility, 19CV4017 (CM). At this time, the Court does not find any exceptional circumstances in plaintiff's case that would warrant the appointment of counsel. See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

    Plaintiff's request for an extension of time to submit his amended complaint is DENIED. Plaintiff already filed an amended complaint, dated November 26, 2019. (Doc. #9). Accordingly, plaintiff does not require an extension of time to comply with the November 13 Order to amend.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

    The Clerk is directed to terminate the motions. (Docs. ##13, 14).

    The Clerk is further directed to mail a copy of this Order to plaintiff at the address on the docket.

Dated: December 20, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK (NY)

1 of 2

Quentin Starkes,
    Plaintiff, pro se,

-vs-

Anthony J. Annucci, DOC Supervisor,
(unknown) Byrd, Correctional Officer ("C.O.")
Waih Rivera #1725 ("C.O.")
(unknown) Nievas #1748 ("C.O."), et al,
    Defendants.

1: 19-cv-7270 (CM)

RECEIVED DEC 17 2019 PRO SE OFFICE

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Quentin Starkes, Plaintiff, pro se, and petitions this HONORABLE COURT to GRANT his request to appoint him Counsel. As such, Plaintiff avers the following:

(1) Plaintiff is an inmate at MDC Brooklyn, 80 29th St., Brooklyn, N.Y. 11232

(2) Plaintiff has no resources or abilities to adequately address this Court in any meaningful way, especially when following directions in the ORDER as Plaintiff is not trained in legal writing or has any experience in law.

(3) In fact, this writer, Kenneth Houck #06743-015, is giving Plaintiff a courtesy but is expected to depart MDC Brooklyn at any moment and cannot commit to future submissions for this Plaintiff.

(4) Further, Plaintiff does not possess the skills to read or write

and has dropped out of school at a young age.

(5) Plaintiff cannot comprehend the full scope of his rights being violated, including his factual allegations being heard by this Court.

(6) Plaintiff therefore has already requested the appointment of Counsel and insists it will be the only way he can properly submit any response, let alone the specific directives of seperation of his legal conclusions from well-pleaded factual allegations.

(7) Plaintiff is asking of this Honorable Court to therefore appoint an attorney who can properly convey the messages thru facts which state a proper claim for relief.

(8) This Motion should NOT be considered to be this Plaintiff's Ammended Complaint in any manner and shall not be tolled (60) days until this Motion is addressed and answered by the Court.

WHEREFORE, Plaintiff Quentin Starkes humbly PRAYS this HONORABLE COURT GRANT his request for the appointment of Counsel and to then begin the (60) day deadline to submit his Ammended Complaint.

Dated this ___th day of December, 2019

Respectfully Submitted,

X_____
Quentin Starkes, Plaintiff pro se

Quentin Starkes #79698-054
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

LEGAL MAIL

Clerk of Court
US District Court
Southern District of New York
US Courthouse, 500 Pearl St.
New York, NY 10007

RE: 1:19-cv-07270-CM

RECEIVED
2019 DEC 13 AM 9:45
CLERK'S OFFICE
SDNY

UNITED STATES DISTRICT COURT
FOR THE
Southern District of New York (NY,NY)

QUENTIN STARKES
            Plaintiff

-vs.-                                                    1:19-CV-7270(C

Anthony J. Annucci, DOCCS Supervisor
(unknown) Bryd, Correctional Officer ("C.O.")
WAIH Rivera #1725, (C.O.)
Nievas #1748, (C.O.), et al.
            Defendants

RECEIVED DEC 17 2019 PRO SE OFFICE

        MOTION TO EXTEND DUE DATE OF FUTURE "AMMENDED COMPLAINT" TO CORRESPOND WITHIN THE (60) DAYS (TO WHICH LEAVE WAS ALREADY GRANTED) FROM THE DATE ~~I AM ABLE TO KNOW IF~~ Plaintiff's Motion for the Appointment of Counsel is returned with this Courts new due date

        COMES NOW, Quentin Starkes, Plaintiff pro-se and asks this HONORABLE COURT to GRANT his request to automatically extend his due date of (60) days from the date he has recieved Notice from the Court regarding its decision to either appoint Counsel for him or that he will need to employ a jailhouse lawyer for assistance. After this Court has made its decision this court will notify Plaintiff and adopt the new due date based upon the date-stamped as recieved and/or the delivery reciept is signed for by the Plaintiff (when his Unit Team actually hands it to him). As Such, Plaintiff avers the following facts:

① He is not possessing skills to read or write and has the help of this writer, Kenneth Houck, #06743-015 only for an extremely temporary time until he is transferred away

from MDC Brooklyn, at any given moment.

(2) Plaintiff does not possess the abilities to comprehend the full scope of his rights being violated, including his factual allegations being heard by this Court.

(3) Plaintiff therefore has already requested the appointment of Counsel and insists it will be the only way he can properly submit any response, let alone the specific directives of seperation of his legal conclu from well-pleaded factuals allegations

(4) Plaintiff is asking of this honorable Court to therefore app Someone who can properly convey the proper messages through facts whic can state a claim for relief (an attorney)

(5) This Motion should NOT be considered to ~~be considered~~ be this Plaintiff's Ammended Complaint in any manner and shall have it back to the court in a relatively quick turn-around based on the Court's respons

WHEREFORE, due to the items above stating a clear need to extend the deadline beyond (10 days), as well as have them (accused) considered and granted, these items of importance to the ~~kid~~ Plaintiff is strictly based upon facts, as it will be found. As such, Plaint PRAYS an extension of (60) days be granted ~~to~~ begin on the date whi this Court either appoints him Counsel -or- denies the request and forces th Plaintiff to write it himself, which he cannot do. Either way, Plaintiff needs such due date pushed back / extended.

Respectfully Submitted,

Dated this ___th day of December, 2019.

[signature]
Quetin Starkes, Plaintiff pro se



Quentin Starkes #79698-054
DC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

LEGAL MAIL

Clerk of Court
US District Court
Southern District of New York
US Courthouse, 500 Pearl St.
New York, NY 10007

RE: 1:19-cv-07270-CM