UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
QUENTIN STARKES,     :
               Plaintiff,     :
                    :    **ORDER**
v.     :
                    :    19 CV 7270 (VB)
C.O. BYRD; C.O. NIEVES (Shield #1748); and     :
C.O. WAAL RIVERA (Shield #1725),     :
               Defendants.     :
--------------------------------------------------------------x

     Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint on August 2, 2019. (Doc. #2). At that time, plaintiff was incarcerated at Westchester County Jail. (See id. at 1).

     On November 18, 2019, plaintiff notified the Court that his address had changed, and stated his new address at Metropolitan Detention Center, Brooklyn, New York ("MDC Brooklyn"). (Doc. #8).

     As the Court stated in its Order of Service dated December 11, 2019, it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #11 at 4).

     The December 11 Order of Service was mailed to plaintiff, along with an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #12). Like the December 11 Order of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

     On March 31, 2020, defendants moved to dismiss the amended complaint. (Doc. #20).

     Plaintiff failed timely to oppose the motion to dismiss. Accordingly, by Order dated April 29, 2020, the Court sua sponte extended to May 20, 2020, plaintiff's time to oppose the motion. (Doc. #23). The April 29 Order was mailed to plaintiff at his address at MDC Brooklyn.

     By Order dated June 4, 2020, the Court deemed defendants' motion to dismiss fully submitted and unopposed because plaintiff failed to file an opposition to the motion or seek an extension of time in which to do so. (Doc. #25). The June 4 Order was mailed to plaintiff at his address at MDC Brooklyn.

     On June 8, 2020, the Court received notice that its April 29 Order, which was mailed to plaintiff at his address at MDC Brooklyn, was returned as undeliverable because plaintiff was no longer at MDC Brooklyn. Information provided on the Federal Bureau of Prisons website suggested plaintiff had been relocated to United States Penitentiary ("USP") Canaan, in Waymart, Pennsylvania.

Accordingly, by Order dated June 9, 2020, the Court ordered plaintiff to update the Court in writing as to his current address, by July 9, 2020. (Doc. #26). The Court warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by July 9, 2020, the Court may dismiss the case for failure to prosecute or comply with Court orders. (Id.). The Court then mailed the June 9 Order, as well as copies of the April 29 and June 4 Orders, to plaintiff at his address at MDC Brooklyn, and also to the following address:

Quentin Starkes
Reg. No. 79698-054
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472

On June 23, 2020, the Court received notice that its June 4 mailing to plaintiff at his address at MDC Brooklyn was returned as undeliverable with the following notation: "Not Deliverable As Addressed." Thereafter, on July 9, 2020, the Court received notice that its June 9 mailing to plaintiff at his address at MDC Brooklyn—comprising the April 29, June 4, and June 9 Orders—was returned as undeliverable with the following notation: "Unable to identify address." However, the June 9 mailing to plaintiff at his suspected address at USP Canaan has not been returned as undeliverable.

To date, plaintiff has failed to update his address or seek an extension of time in which to do so.

**Accordingly, by August 27, 2020, plaintiff must update the Court in writing as to his current address. Failure to comply with the Court's Order will result in dismissal of the action for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).**

Chambers will mail a copy of this Order to plaintiff at the address on the docket and to plaintiff's suspected address at USP Canaan, noted above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 28, 2020
White Plains, NY

SO ORDERED:

*(signature)*

Vincent L. Briccetti
United States District Judge